# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN TATE,
      Plaintiff,

v.                                      Case No. 16-C-1503

JON LITSCHER, et al.,
      Defendants.

## DECISION AND ORDER

Plaintiff Sean Tate is a Wisconsin state prisoner who is representing himself. I screened his complaint and allowed him to proceed on claims that the defendants violated his First Amendment rights by retaliating against him for assisting other inmates with their cases; conspired to implement a policy that violated his First Amendment right to freedom of expression; and conspired to destroy his personal property in violation of Wisconsin state law. Docket No. 9. The defendants have moved for partial summary judgment for failure to exhaust administrative remedies.

## I.   BACKGROUND[1]

At all times relevant, plaintiff was incarcerated at the Oshkosh Correctional Institution (Oshkosh) and then transferred to the Fox Lake Correctional Institution (Fox Lake). (Plf. PFoF, ¶¶ 3, 10; Dft. PFoF, ¶ 2.) Defendants were all employees of the Wisconsin Department of Corrections. (Dft. PFoF, 3.)

---

[1] The facts are taken from plaintiff's proposed findings of fact (Docket No. 55, Plf. PFoF) and defendants' proposed findings of fact (Docket No. 53, Dft. PFoF). I have also considered and included facts set forth in the declaration of Emily Davidson (Docket No. 47, Dft. Decl).

Plaintiff alleges that, because he is a jailhouse lawyer who helps other inmates, the defendants retaliated against him by transferring him from Oshkosh to Fox Lake, issuing him conduct reports, and denying him access to, and later destroying, his legal computer disk. (Plf. PFoF, ¶¶ 1, 3, 10, 17, 18, 21.) Plaintiff alleges he administratively exhausted these claims by filing the following inmate complaints: OSCI–2016-1283, OSCI–2016-1753, OSCI–2016-2273, FLCI-2016-5906, FLCI-2016-12224, FLCI-2016-11077, FLCI-2016-13914, and FLCI-2016-19358. (Plf. PFoF, ¶¶ 9, 12, 15, 16-18.) The record shows plaintiff also filed three other relevant complaints: OSCI-2016-1284, FLCI-2016-14435, and FLCI 2016-24466. Dft. Decl, Ex. 1006-08, 1014-11, 1016-06.

In OSCI–2016-1283, Plaintiff complained that defendant Officer Kovatch retaliated against him "for beating his conduct report, by removing/deleting [plaintiff's] legal brief/motion from his disk." *Id.*, Ex. 1005-11. He alleged he spoke with defendant C. Bryant "about the matter 3-times and nothing was done." *Id*. The complaint was dismissed because the disk was found to be corrupt, and there was no evidence of any tampering. *Id.*, Ex. 1005-08, 1005-09. The dismissal was confirmed on appeal. *Id*, 1005-09.

In OSCI–2016-1753, Plaintiff complained that Kovatch denied him the ability to assist another inmate in "navigating the court system" by denying plaintiff "access to his intellectual property," which plaintiff had prepared for the other inmate. *Id.*, Ex. 1007-06. He alleged he spoke with defendant C. Bryant "about the matter…and nothing was done." *Id*. The complaint was rejected as moot. *Id.*, Ex. 1007-04. Plaintiff did not appeal the rejection.

In OSCI–2016-2273, plaintiff complained that Kovatch had "engaged in a series of retaliatory action[s] for [plaintiff] beating his conduct report," including having him moved from his housing unit to prevent him from helping another inmate with his legal case. *Id.*, Ex. 1008-012, 1008-013. The complaint was dismissed because plaintiff "provide[d] a series of alleged events or actions that have not been demonstrated to exist in fact" and because plaintiff's move did not prevent him from continuing to assist the other inmate with his legal case. *Id.*, Ex. 1008-06. The dismissal was affirmed on appeal. *Id.*, Ex. 1008-10.

In FLCI-2016-5906, plaintiff complained that he was being denied access to his legal computer disk, which he had purchased and had sent from Oshkosh to Fox Lake, and that the action "seems as a means to obstruct and impede my litigation efforts already in the courts." *Id.*, Ex. 1009-14, 1009-15. The complaint was dismissed with modification allowing plaintiff to have the disk sent out for printing and returned to him at his own expense. *Id.*, Ex. 1009-11. The dismissal with modification was affirmed on appeal. *Id.*, Ex. 1009-12.

In FLCI-2016-12224, plaintiff complained that Fox Lake policy 900.309.02 (library policy) violated his rights because it "prevent[s] and den[ies]" him the ability to use the computer to provide legal assistance to other inmates. *Id.*, Ex. 1011-09. The complaint was rejected as untimely having been filed on June 13, 2016, more than 14 days after plaintiff became aware of and agreed to the policy at issue on April 18, 2016. *Id.*, Ex. 1011-02, 1011-03. Plaintiff's appeal asserted that he had "attempt[ed] to resolve the matter per. 310.09(4)" prior to filing the complaint. *Id.*, Ex. 1011-02. The rejection of the complaint was affirmed on appeal. *Id.*, Ex. 1011-05.

3

In FLCI-2016-11077, plaintiff complained that defendant Sandra Churchill was retaliating against him by issuing him a conduct report. *Id.*, Ex. 1010-08. He stated she retaliated because plaintiff had complained about her conduct and the library policy to defendants Chris Eplett and Randall Hepp. *Id.* The complaint was rejected because it was with regard to a "conduct report 'that ha[d] not been resolved.'" *Id.*, Ex. 1010-02. The rejection was affirmed on appeal. *Id.*, Ex. 1010-05.

In FLCI-2016-13914, plaintiff again complained that Churchill had retaliated against him by issuing him a conduct report because he had complained about her conduct and the library policy to Eplett and Hepp. *Id.*, Ex. 1012-09. The complaint was rejected because plaintiff did "not allege sufficient facts upon which redress may be made." *Id.*, Ex. 1012-02. The rejection was affirmed on appeal. *Id.*, Ex. 1012-05.

In FLCI-2016-19358, plaintiff complained that Eplett confiscated his legal computer disk "to deprive [plaintiff] of [his] legal property." *Id.*, Ex. 1015-10. The complaint was rejected as untimely because the plaintiff failed to file it within 14 days after the completion of the appeal of the conduct report that involved the disk. *Id.*, Ex. 1015-02. The rejection was affirmed on appeal. *Id.*, Ex. 1015-07.

In OSCI–2016-1284, plaintiff again complained that Kovatch was retaliating against him because he had "succeeded in beating his conduct report." *Id.*, Ex. 1006-08. The complaint was rejected because plaintiff failed to allege sufficient facts to support the claim. *Id.*, Ex. 1006-02. The rejection was affirmed on appeal. *Id.*, Ex. 1006-05.

In FLCI-2016-14435, plaintiff complained that Eplett wrongfully destroyed his legal computer disk. The complaint was dismissed with modification noting that disk had

4

not been destroyed but that it was contraband as it was "used in commission of an offence." *Id.*, Ex. 1014-08, 1014-09. The dismissal with modification was affirmed on appeal. *Id.*

In FLCI-2016-24466, plaintiff complained that the "ICRS retaliated and conspired" against him by "attempting to cover-up FLCI staff actions" of "confiscat[ing] [plainitff's] disk and destroy[ing] it, without notice or conduct report." *Id.*, Ex. 1016-06. The complaint was rejected because "the issue raised in [it] has been addressed through the inmate's prior use of the ICRS." *Id.*, Ex. 1016-03. Plaintiff was instructed to appeal the rejection to the Institution Complaint Examiner at Oshkosh. *Id.*, Ex. 1016-03. However, he appealed the rejection to Fox Lake. *Id.*, Ex. 1016-10.

Plaintiff subsequently filed this lawsuit against the defendants.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v.*

*Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

### III. ANALYSIS

Defendants assert that summary judgment should be granted in their favor because plaintiff failed to exhaust his administrative remedies regarding all but one of his claims prior to filing this case. Specifically, defendants assert that plaintiff did not file any inmate complaint directly alleging that defendants retaliated against him for assisting other inmates with their legal work. Additionally, they contend that plaintiff's inmate complaint regarding the library policy merely requested a policy change, was not directed against a specific person, and, more importantly, was not timely filed. Defendants further state that plaintiff's library-policy claim has been rendered moot because the policy has been changed. They also assert that plaintiff's conspiracy claim was not administratively exhausted because plaintiff failed to properly appeal the grievance after it was rejected. Defendants argue that, because of these failings, plaintiff did not exhaust his administrative remedies regarding these claims. Defendants assert that plaintiff's only fully exhausted claim relates to the purportedly wrongful damage to his property, which plaintiff administratively grieved solely against Eplett.

In response, plaintiff contends that defendants' motion should be denied. He asserts that the defendants knowingly misled him with regard to the exhaustion requirements for his retaliation and conspiracy claims, and that therefore they should be estopped from raising the defense.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The institution complaint examiner has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to

the corrections complaint examiner within ten calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the corrections complaint examiner shall issue a written receipt of the appeal to the inmate within five working days and then recommend a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4), DOC 310.14(2). The failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

**A.     Retaliation**

If an inmate complaint "concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that *provoked* the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17–cv–93, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (emphasis added). However, a prisoner need not allege a specific legal theory in his inmate complaint; rather, he must merely "alert[ ] the prison to the nature of the wrong for which redress is sought" by "clearly identify[ing] the issue." *Id.* That is, he must provide enough detail in his "grievance to put the prison and individual officials on notice of the claim" *Jones v. Bock*, 549 U.S. 199, 205 (2007). I find that plaintiff's inmate complaint FLCI-2016-5906 put the prison on notice with regard to his claim of retaliation based on his helping other inmates with their legal work. *See, e.g., Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (noting a generous construction of the grievance). Specifically, plaintiff asserted that his legal disk was being kept from him and insinuated that the deprivation was being done intentionally to "obstruct and impede" his legal work. Plaintiff appealed the dismissal of the complaint, but the dismissal was affirmed.

8

Therefore, I find that plaintiff exhausted his administrative remedies for his claim of retaliation. Defendants' motion for summary judgment on that claim is denied.

**B.     Conspiracy**

To sufficiently put the prison on notice of his conspiracy claim, plaintiff was required to allege in his inmate complaint "that one or more prison officials had joined forces to deprive him of specific rights." *Lindell v. Huibregtse*, No. 05-C-003-C, 2005 WL 3059486, at *3 (W.D. Wis. Nov. 15, 2005). Plaintiff does such in inmate complaint FLCI-2016-24446. However, he failed to appeal the rejection of that complaint to the appropriate reviewing authority, and therefore he did not exhaust his administrative remedies. *Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); *Stojanovic v. Humphreys*, No. 06-C-3018, 2008 WL 819016, at *3, *5 (E.D. Wis. Mar. 25, 2008), *aff'd*, 309 F. App'x 48 (7th Cir. 2009) ("Exhaustion requires a prisoner to 'take all steps prescribed by the prison's grievance system.' ") (citation omitted). Thus, I will dismiss this claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

**C.     Policy**

Both parties agree that plaintiff's inmate complaint FLCI-2016-12224 clearly asserted his library-policy claim. This complaint, however, was rejected as untimely. If an inmate's complaint is rejected as untimely, then no exhaustion occurs. *Pozo*, 286 F.3d at 1025. Plaintiff filed the complaint on June 13, 2016, grieving the imposition of the library policy which was imposed—and which he had agreed to on—April 18, 2016. That was nearly two months after the occurrence giving rise to his grievance.

Plaintiff contends that he delayed filing his grievance because he was adhering to an institutional policy requiring inmates to attempt to resolve the issue themselves prior to filing the complaint. He notes that the complaint form specifically asks the grieving inmate to explain what he has done to resolve the issue on his own. However, plaintiff's responses to all of the questions on his inmate complaint further show its untimeliness. On the complaint, plaintiff states he attempted to resolve the issue by talking with Eplett about the policy on May 4, 2016, sixteen days after he agreed to the policy, and on June 9, 2016, nearly two months after he agreed to the policy. Both dates were more than fourteen days from his being made aware of and agreeing to the library policy. Moreover, assuming that Fox Lake's self-resolution policy is mandatory, nowhere on the inmate complaint form or in anything plaintiff has provided does it state that an inmate's attempt at self-resolution tolls the time for him to timely file an inmate compliant. Thus, plaintiff failed to exhaust his administrative remedies regarding his policy claim. I will dismiss this claim without prejudice. *See Ford*, 362 F.3d at 401.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may proceed against defendants on his claims of retaliation and property damage.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2018.

                                       _s/Lynn Adelman_____
                                       LYNN ADELMAN
                                       United States District Judge