UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN P. TATE,
        Plaintiff,

  v.                                        Case No. 16-C-1503

JON LITSCHER, *et al.*,
        Defendants.

## ORDER

On August 19, 2019, I denied Plaintiff Sean Tate's motion for summary judgment and granted the defendants' motion for summary judgment. ECF No. 102. The defendants submitted a proposed bill of costs, which seeks $693.50 for recording and obtaining a transcript of the plaintiff's deposition. ECF No. 104. The plaintiff objects to the bill of costs and asks the court to set it aside. ECF No. 106. He also moves to alter or amend the judgment entered against him. ECF No. 107.

**A. Bill of Costs**

The defendants seek reimbursement of costs incurred to record, and reproduce a transcript of, the plaintiff's deposition, including costs for the transcriber's attendance and postage. ECF No. 104-2 at 1. The plaintiff asserts that costs are inappropriate in this case because he had "a good faith basis" for prosecuting his claims, he is indigent and unable to pay, and costs for postage are not taxable as costs. ECF No. 106 at 1.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A district court has "virtually complete deference" in determining an appropriate award of costs. *Williams v. Patton*, 761 F. App'x

593, 597 (7th Cir. 2019) (quoting *Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017)).

Civil L. R. 54 expressly allows for reimbursement of costs associated with taking a deposition, including for postage costs, so long as the deposition was "reasonably necessary for use in the case." Civil L. R. 54(b)(2) *see also* 28 U.S.C. § 1920(2). The Court of Appeals for the Seventh Circuit has recognized that "[o]btaining a transcript of the plaintiff's deposition is a necessary part of the defense case." *Williams*, 761 F. App'x at 597. Moreover, the defendants included with their summary judgment materials a copy of the plaintiff's thirty-one-page deposition. ECF No. 88-1. The plaintiff does not contest that the deposition and its transcript were reasonably necessary for use in the defense's case.

The plaintiff instead asserts that his indigence should excuse him from paying costs. The losing party has the burden to provide the court with "sufficient documentation" showing that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). That documentation should include an affidavit or other evidence of the losing party's "income and assets, as well as a schedule of expenses." *Id.* If the losing party meets this threshold burden, the court must then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

The plaintiff has submitted an affidavit attesting that he receives $0.26 in institutional pay (he does not specify if this is per hour, day, month, or something else), which he must use to pay for hygiene supplies and medical visits, and has no tangible

2

personal property. ECF No. 106-1, ¶ 6. He states that he has been incarcerated since 1996 and is serving a sixty-year sentence. *Id.* But he also states that he has $633.00 in his "institution/prison release/trust account." *Id.* He attached a copy of his trust account statement showing the balances of both his regular and release account. ECF No. 106-2. His regular account showed a starting balance of $4.45 and an end balance of $0.00, while his release account started at $662.74 and increased to $665.86. *Id.* It is unclear where the plaintiff came up with the $633.00 amount he used in his affidavit. And although the end balance of his regular account is zero, the statement provides information only for July 22, 2019, through August 5, 2019. *Id.* The plaintiff did not attach any other evidence or account statements to prove his indigency.

The plaintiff's ambiguous affidavit and account statement for one two-week period do not satisfy his threshold burden to show he is incapable of paying the bill of costs now or in the future. I will therefore **DENY** the plaintiff's objections to, and motion to set aside, the bill of costs.

### B.  Motion to Alter or Amend the Judgment

As grounds for his motion to alter or amend the judgment, the plaintiff asserts that I erred on matters of both law and fact. ECF No. 107. The plaintiff first asserts that I incorrectly concluded that being a jailhouse lawyer is not protected activity for purposes of a First Amendment retaliation claim and that the defendants were entitled to qualified immunity. *Id.* at 1–5. He also contends that I incorrectly determined what restrictions had been placed on his ability to draft legal documents for other inmates and that a memorandum discussed in the decision was "a completed document." *Id.* at 5–7.

3

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001), and *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)). The plaintiff argued that by preparing and filing documents for other prisoners, he was providing that access for other inmates. But there is no right of an "attorney" inmate to assist and file materials for another inmate. As I concluded in the previous order, the Court of Appeals for the Seventh Circuit has held that "inmates do not have a constitutional right to provide legal assistance to other prisoners." *Perotti v. Quinones*, 488 F. App'x 141, 146 (7th Cir. 2012) (citing *Shaw v. Murphy,* 532 U.S. 223, 231 (2001)). The plaintiff points to no binding precedent holding otherwise. Because there is no binding precedent showing that the plaintiff had an unfettered right to act as a jailhouse lawyer for other inmates, I did not err in concluding that the defendants cannot be liable under his claim of retaliation and are entitled to qualified immunity.

4

The plaintiff relies on *Buise v. Hudkins*, 584 F.2d 223, 228–29 (7th Cir. 1978), for the proposition that he has a right to act as a jailhouse lawyer for the purpose of vindicating other inmates' right to access the courts. But, as that decision notes, inmates need be provided only a "reasonably adequate opportunity" to present their claims to a court. *Id.* at 228. It was because that plaintiff's prison had no law library, and the plaintiff was the prison's only jailhouse lawyer, that the *Buise* court held there were no adequate alternatives available to vindicate the inmates' right to access the court. *Id.* at 228–29. Therefore, the court concluded that the plaintiff's retaliatory transfer for assisting other inmates with their legal matters was actionable. *Id.* at 229.

The plaintiff here, however, does not allege that the inmates he assisted had no access to a law library or that the law library failed to provide an adequately available opportunity for inmates to access the courts. He, in fact, conceded that he worked with other inmates on their cases in the law library. Nor does he assert that he is the only inmate in his prison who assists others with their legal matters. Because inmates otherwise had an adequately available opportunity to access the courts, his assistance was not required to vindicate their First Amendment rights. *See DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988) (noting that, under *Bounds*, prison authorities must provide *either* an adequate law library *or* adequate assistance to inmates but "need not provide both of these"). *Buise* therefore does not support the plaintiff's position.

The plaintiff also contends that I failed to review the factors under *Turner v. Safley*, 482 U.S. 78 (1987), in reviewing his retaliation claim. But these factors apply only when reviewing prison restrictions or regulations. His claim of retaliation challenged independent acts of two defendants, who he claimed conspired to write a conduct report

5

against him. He did not allege that those defendants followed a policy when retaliating against him for acting as a jailhouse attorney and that the policy was to blame. *Turner* is inapplicable to that claim. I analyzed the plaintiff's claim challenging the Fox Lake policy against inmates storing another inmate's documents on his own computer disc under the *Turner* factors and concluded that the factors weighed in favor of the defendants. ECF No. 102 at 6–8. The plaintiff does not contest that legal conclusion.

The plaintiff asserts that I also made errors of fact in determining that he was able to draft a memorandum to another inmate with the plaintiff's views on a legal matter, save it to his disc, print it, and mail it to the inmate. He attaches a declaration and exhibits that he says show he was disciplined for attempting to obtain copies of legal documents to send to other inmates. ECF No. 108. The conduct reports are from September and December 2011. None of this evidence is "newly discovered." The plaintiff could have provided this evidence in response to the defendants' motion for summary judgment but failed to do so. This newly presented, but not new, evidence is not a proper ground for altering the judgment. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment"); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (noting that a Rule 59(e) motion "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion" (quotation omitted)).

6

The plaintiff also contends that I erroneously determined that the Fox Lake policy "only prevented Tate from storing a completed brief for the inmate on his own disc." ECF No. 102 at 7. He asserts that because he was punished for having on his disc a document in which there were blank lines where the name, caption, and case number should be, the document "was not a completed document." ECF No. 107 at 7. The conduct report he cites and included with his motion confirms that the document in question had "multiple blank lines on four pages, where Tate's name should have been." ECF No. 108-1 (also ECF No. 58-1). Missing a name, caption, or case number does not make the document "incomplete." If anything, this assertion bolsters the defendants' suspicions that the plaintiff improperly had other inmates' legal documents on his disc, in violation of prison rules. There was no error of fact.

**C. Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to set aside the bill of costs (ECF No. 106) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to alter or amend the judgment (ECF No. 107) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2020.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge
